IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| SDC, Inc., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:23-cv-418 |
| OASIS POOLS AND HARDSCAPES, LLC, et al., | ) |
| Defendants. | ) |

**DEFENDANT WILLIAM HENRY, INC. D/B/A TIDALWAVE GRAPHICS'
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendant William Henry, Inc. doing business as TidalWave Graphics ("TidalWave"), by counsel, submits this Reply Brief in Support of its Motion to Dismiss the Complaint of Plaintiff SDC, Inc. ("SDC" or "Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.   Arguments and Authorities**

In SDC's Opposition Brief (Dkt. 22) ("Opposition"), SDC concedes it is not seeking to recover statutory damages or attorneys' fees for its copyright infringement claim. Dkt. 22 at 1. Accordingly, the Court should order that SDC is precluded from obtaining this relief. Additionally, SDC's Counts III (Tortious Interference With Business Expectancy), V (Conversion), and VI (Conspiracy Under Virginia Code § 18.2-499), are all part and parcel of the copyright claim in Count I and should be dismissed on the grounds of preemption. *See Wigand v. Costech Technologies, Inc.*, 2008 WL 65517, at *8 (E.D. Va. 2008)

As argued in TidalWave's opening brief, Counts III, V, and VI are not only preempted but also otherwise fail to state claims on which relief can be granted. SDC fails to allege an otherwise valid business expectancy or TidalWave's retention of a physical object. A conspiracy to breach a

contract is not actionable, and SDC has failed to plead a business conspiracy under the heightened pleading standard. *See* Dkt. 16 at 6-14.

### A. SDC Concedes it Cannot Obtain the Relief of Statutory Damages and/or Attorneys' Fees for Count I (Copyright Infringement)

In TidalWave's Motion to Dismiss ("Motion") and opening brief, TidalWave moves to strike SDC's prayer for relief to the extent SDC seeks to recover attorneys' fees and statutory damages related to the copyright infringement claim in Count I. *See* Dkts. 15 at ¶ 1 and 16 at 3-5. Rather than including a prayer for relief for each count, SDC's complaint contains a single prayer for relief that fails to identify the relief sought for each count. Compl. at 11. Accordingly, TidalWave assumed SDC sought relief for attorneys' fees and statutory damages for all counts, including Count I, and argued these remedies are unavailable for Count I due to SDC's late copyright registrations.

In SDC's Opposition, SDC asks the Court to "disregard" TidalWave's motion to strike and then clarifies that it "has not prayed for statutory damages or attorneys' fees under Count I or in its Prayer for Relief. All attorneys' fees sought against TidalWave are for claims against TidalWave other than Count I." Dkt. 22 at 1. Rather than "disregard" TidalWave's motion to strike, the Court should expressly order that SDC is precluded from obtaining attorneys' fees and statutory damages for Count I.

### B. Counts III, V, and VI Alleged Against TidalWave Are Preempted by the Copyright Act

The three remaining counts against TidalWave are thinly disguised versions of the copyright infringement claim that are rooted in alleged violations of the same rights protected by the Copyright Act. *See* 17 U.S.C. § 106. Accordingly, all three are preempted by the Copyright Act. Stripped of its overreaching, SDC's Complaint asserts a single weak copyright infringement

claim against TidalWave on which SDC has the burden of providing liability and actual damages and cannot recover statutory damages or attorneys' fees.

### i. Plaintiff's Count III (Tortious Interference With Business Expectancy) is Preempted by the Copyright Act

This Court has consistently held that tortious interference claims are preempted by the Copyright Act because tortious interference "'boils down to nothing more than an assertion that the defendant copied plaintiff's copyrighted materials.'" *Parks, Millican & Mann, LLC v. Figures Toy Co.*, 2017 WL 5897901, at *5 (E.D. Va. Nov. 29, 2017) (quoting *Wigand*, 2008 WL at *8) (holding tortious interference is preempted by the Copyright Act); *see* Compl. at ¶ 41.

Here, SDC argues that TidalWave's tortious interference "is not simply limited to the copying of Works" and cites Paragraphs in the Complaint that refer to SDC's "contractual rights" to print the copyrighted works and install the same on co-defendant Oasis Pools and Hardscapes, LLC's ("Oasis") vehicles. *See* Dkt. 22 at 3 (citing Complaint ¶¶ 10-12 & 15). Unauthorized printing and installation of the Works boils down to nothing more than copying the Works, a province of the Copyright Act's exclusive rights. *See* 17 U.S.C. § 106. Even if these "rights" are contractual as to constitute an "otherwise valid business expectancy, that expectancy was simply to be paid for the use of its copyright." *Parks*, 2017 WL 5897901, at *5.

This black letter copyright preemption law is well known to SDC and its counsel. SDC's counsel was counsel of record for the Plaintiff in the *Parks* case where this Court dismissed with prejudice his tortious interference, fraudulent inducement, and other state law claims because they "are preempted by the Copyright Act and amendment would be futile." *Parks*, 2017 WL 5897901, at *5-7. The same result is appropriate here.

Additionally, SDC incorrectly claims that *Acorn Structures, Inc. v. Swantz* is "directly on point with the current claim before this Court for tortious interference against TidalWave." Dkt.

22 at 4 (citing 846 F.2d 923 (4th Cir. 1988)). *Acorn* is clearly distinguishable because there, the Fourth Circuit held a **breach of contract** claim was not preempted by the Copyright Act. 846 F.2d at 926. Unlike *Acorn*, at issue here is whether SDC's **tortious interference** claim is preempted by the Copyright Act. And for the reasons stated in TidalWave's briefing, the tortious interference claim is preempted.

### ii. The Copyright Act Preempts Plaintiff's Conversion Claim that Rests on "Image Files" Rather Than Physical Objects

Count V can be easily dismissed on the grounds of preemption because there was no conversion of a physical object. The basis of SDC's conversion claim is that TidalWave converted intangible digital "image files." Compl. ¶¶ 13 & 24. In the Fourth Circuit, without unlawful retention of a physical object, the Copyright Act preempts all conversion claims based on intellectual property rights. *U.S. ex rel. Berge v. Board of Trustees of the University of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997) (holding when "the plaintiff alleges only unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work," the conversion claim is preempted). Without any allegations related to conversion of a *physical* object, SDC's conversion claim is preempted.

SDC cites *Mackey v. McDannald* for the proposition that the Virginia Supreme Court recognizes "the conversion of intangible property rights that 'arise from or are merged with a document,' such as a valid stock certificate, promissory note, or bond." 298 Va. 645, 659–60 (citations omitted). Unlike the property rights associated with these enumerated examples that only exist because of a *physical* piece of paper, copyright rights exist **independently** and do not "arise from" merely a physical certificate because copyrights, and the attached rights, come into existence when an original work of authorship is "fixed in any tangible medium of expression." 17 U.S.C. § 102(a). Although a timely copyright registration may confer additional rights such as those in 17

U.S.C. § 412, the rights enumerated in § 102(a) exist independently. Therefore, *Mackey* is inapplicable to this matter involving copyrighted image files that need not be registered to confer associated rights.

### iii. The Copyright Act Preempts All Four Alleged Conspiratorial Acts in Count VI.

SDC's opposition does not refute TidalWave's position that the allegations in Complaint Paragraphs 56(a) and (c) (conspiracies to violate SDC's copyrights and fraudulently induce SDC to contract with Oasis) are both preempted by the Copyright Act. Given SDC's apparent acquiescence, these conspiratorial allegations must be dismissed on preemption grounds. As for the other alleged conspiratorial actions of tortious interference and conversion in Complaint Paragraphs 56(b) and (d), these should also be dismissed because the underlying claims are preempted. *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, Ltd., 682 F.3d 292, 311 (4th Cir. 2012).

TidalWave should be awarded its costs of suit, including its reasonable counsel fees, pursuant to Virginia Code § 18.2-500(B), because SDC and its counsel knowingly asserted a preempted and non-existent business conspiracy claim in disregard of this Court's prior rulings. SDC's counsel was counsel of record for the Plaintiff in the *Parks* case. In *Parks*, three months after initially "withhold[ing] ruling on Plaintiff's claim for business conspiracy until after Plaintiff has filed its third amended complaint" (*Parks*, 2017 WL 5897901, at *6), this Court dismissed with prejudice Plaintiff's business conspiracy claim pursuant to Rule 12(b)(6) because: "Plaintiffs own summary demonstrates that its business conspiracy claim, as pled in the Third Amended Complaint, is not qualitatively different from a copyright infringement claim and would serve merely to vindicate the same right as under the Copyright Act. The conclusory allegation that the copyright violations were for the purpose of willfully and maliciously injuring [Plaintiff] in its

reputation, trade, business, and/or profession does not alter this conclusion." *Parks, Millican & Mann, LLC v. Figures Toy Co.*, 2:16CV522, Opinion and Order, ECF 60 at 5-7 (E.D. Va. Feb. 28, 2018) (Doumar, J.), attached hereto as **Exhibit 1** (citing *Tire Eng'g*, 682 F.3d at 312 (holding "extra element of agreement or combination" did not render Virginia-law claim for civil conspiracy qualitatively different from federal copyright claim)). SDC and its counsel's disregard of this Court's ruling in *Parks* and knowing reassertion of a preempted and non-existent business conspiracy claim provides ample grounds for awarding TidalWave its costs of suit, including its reasonable counsel fees, pursuant to Virginia Code § 18.2-500(B).

## II.  Conclusion

WHEREFORE, TidalWave respectfully requests pursuant to Federal Rule of Civil Procedure 12(b)(6) that this Court dismiss Count II-VI with prejudice and strike Plaintiff's claim for statutory damages and attorneys' fees for Count I. Pursuant to Virginia Code § 18.2-500(B), this Court is authorized to award and should award costs of suit, including reasonable counsel fees to TidalWave's counsel.

Dated: October 10, 2023

Respectfully submitted,

WILLIAM HENRY, INC. D/B/A
TIDALWAVE GRAPHICS

By: /s/ Joshua F. P. Long
    Of Counsel

Joshua F. P. Long (VSB 65684)
WOODS ROGERS VANDEVENTER BLACK PLC
Wells Fargo Tower, Suite 1800
10 S. Jefferson Street
Roanoke, VA 24011
Telephone: 540-983-7600
Facisimile: 540-983-7711
Josh.Long@wrvblaw.com

        Ross M. Broudy (VSB 95707)
        WOODS ROGERS VANDEVENTER BLACK PLC
        101 W. Main Street, Suite 500
        Norfolk, VA 23510
        Telephone: 757-446-8600
        Facsimile: 757-446-8670
        Ross.Broudy@wrvblaw.com
        *Counsel for Defendant William Henry, Inc.*
        *d/b/a TidalWave Graphics*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 10th day of October 2023, the foregoing was filed using the Court's EM/ECF system, thereby serving a copy on all counsel of record electronically.

        By: /s/ Joshua F. P. Long
            Of Counsel

Duncan G. Byers, Esquire
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA 23185
Tel. 757.317.2779
Fax 757.231.3797
dbyers@dbyerslaw.com
*Counsel for Plaintiff SDC, Inc.*

Andrew A. Protogyrou (VSB No. 27253)
PROTOGYROU LAW, PLC
125 St. Paul's Blvd., Suite 150
Norfolk, Virgnia 23510
Tel. 757.625.1775
Fax 757.625.1887
protogyrou@prlaw.org
*Counsel for Defendants Oasis Pools and Hardscapes, LLC and Savvas Sakkadas, individually*